Taiming Zhang (pro se PLAINTIFF)
801, No. 21 Taishan Lane, Zhongshan District, Dalian, Liaoning, China
TELEPHONE NO.: +8618604267322
E-MAIL ADDRESS: nick.705073604@gmail.com

IN THE UNITED STATES District Court
FOR THE middle district of NC

| | | |
|---|---|---|
| Taiming Zhang | ) | Case No. 1:23-cv-00627 |
| Plaintiff | ) | |
| Versus | ) | |
| Andrew Joseph Bonomolo | ) | **objection to recommendation of JEP;** |
| Defendant | ) | motion for JEP to recuse; motion |
| | ) | for contempt of court proceeding at ¶17 |

1. I in fact love that JEP wrote a ten page recommendation pretending to be fair. The good thing is in the recommendation, it is shown that she has read through all my filings. As early as the first order she issued, the order granting IFP, she mentioned, without the defendant doing anything, that there shall in the future be a motion to dismiss or summary judgment, that the court will deal with the points then. **So she, at granting IFP, expected to dismiss the case**. And this shows her deep-rooted malice to defeat justice in this case, having only read through the complaint! An order is sought from the CDJ that JEP mustn't touch this case anymore.

2. Per well-established law, nemo judex in parte sua, <u>one does not have jurisdiction on their own recusal,</u> as invoked by the United States Supreme Court in various cases, such as the 1798 case Calder v. Bull ("a law that makes a man a Judge in his own cause [...] is against all reason and justice") and the 1974 case Arnett v. Kennedy ("we might start with a first principle: '[N]o man shall be a judge in his own cause.' Bonham's Case, 8 Co. 114a, 118a, 77 Eng. Rep. 646, 652 (1610)")).

3. I should start by saying because JEP disregarded everything I've said and

**objection to recommendation of JEP- 1 -**



1. came up with obvious lies or other falsities against the law, the Court should first refer to <u>filings I've already made</u>.

4. As for service, she ignores everything I've said. Firstly, the state court order's validity is in question as it refers to 324 and Tiaming which is not relevant to anything. The state court order applies <u>to that specific</u> case and is not an order that applies to any case filed by me against him. This is clear in its language. Secondly, as I have WELL stated, there is service by publication, so not serving him by certified mail COULD NOT BE a reason for dismissal. And yet, in order to defame me and defeat justice and murder the case, she completely disregards the clear statement. There is excessive mentioning of service by publication in my filings. <u>¶5 of ECF 13 says "Even if he weren't properly served, there could be other ways to serve him such as by publication, so hardly would I see that as a ground to dismiss."</u> Of course, there needs to be a ruling as to whether he has been served before service by publication is attempted. Thirdly, the argument quotes a federal precedent saying place of abode should be read liberally, and the question is whether or not the defendant received actual service. She disregards that too. Having premeditated the result of the case in favor of one party before considering the merits, she pulls bits and pieces, disregards the rest, in favor of that one party.

5. I guess I should, though I shouldn't have to, point out that if you can't find usual place of abode, publication is allowed in the county of the filing. No requirement of finding usual place of abode or dwelling county exists if it cannot be found. This is clear in NC law.

6. Then, in terms of evidence, <u>the fact that his sister is not A Bonomolo is a fact that was not contested by the defendant</u>. Failure to deny is admission per FRCP 8 (6). Failure to deny was pointed out to JEP in earlier filings, and yet she states my assertion is unsupported. <u>Per the writings of mine</u>

objection to recommendation of JEP- 2 -



1. he returns there for months and months, and even for "short visits", it's a few days in a row, not just occasionally, where he is involved in public sex (**substantial activity**) which is **his only source of income**, which also is not contested. I stated earlier "in fact, he also concealed that he in fact moved back for entire months at times." She disregards this too. So her statement that the plaintiff "argues without support" is a lie. It is supported by failure to deny which is admission.

7. He also never contested that he did come back for entire months. I hereby make the assertion that **when he signed the service, it was during a period when he lived there for months in a row.**

8. Because he frequently comes back, and involves himself for days in public sex, whilst living there, **it's not "occasional visits", it's work and only source of income and living there**, the case she quotes doesn't apply, and most indeed the place is his usual place of abode.

9. None of the above, including work and only source of income and moving back for entire months, is contested. He does not deny them. Further, there's his own social media showing of this, so it's hard to deny.

10. JEP lies when the writing on the return receipt is printed and fully legible. The fact is it clearly shows "A Bonomolo" and his sister is not "A Bonomolo", which is **not contested**. Her sister is not unconscious. He submits no evidence to the contrary either, and does not contest my statement. And the USPS person wouldn't allow them to sign a different name lacking motive. This package was signed BY HIM. Lacking motive for the USPS person to make her sister sign another name and lie on form, there is clear and convincing evidence that he was served and he signed the package. Coupled with the precedent quoted by me, the court can only find that the defendant WAS properly served.

As for the handwriting, one was printed and one was cursive. It's not a fair

**objection to recommendation of JEP- 3 -**

comparison to make and does not evince anything. To say that someone's printed signature does not match their normal signature proves they didn't sign the package is really just lying.

11. <u>I too stated that if she doubts USPS's return receipt, she should order USPS to testify, and she DOESN'T. This shows JEP's ill intentions.</u>

12. **His handwriting on the return receipt DOES 100% match that of the envelope in which he sent in the answer.**
This much interests me. If the answer sent in is sent by his sister, who he says is not of suitable discretion, his answer is void and now he is in default, OR it would be that his sister simply is of suitable discretion. IF however it was sent by him, it is actually without question that he signed the service. I believe it was sent by him. He submitted receipts of sending it in and the receipt links to a card, and if we look into the card, it'll likely be his name.

13. **I should mention:** the law says "dwelling house <u>or</u> usual place of abode". So it's either, not both. Only one needs to be established. If he was living there on the day of service, even if it's one day, it was his <u>dwelling house</u> and service was complete. If then he does live there for months and months per year, or a good week each month, that's not occasional visits and it's his usual place of abode. HERE, the fact is he signed it himself. So there you go. It's both.

14. JEP's series of lies are of double standards: my words are "without evidence", his words are always believed as evident <u>without otherwise evidence</u>, and physical evidence like the return receipt is purely ignored, or the clearly printed "A Bonomolo" is now "illegible".

15. I should recap on service: JEP has lies laid upon lies and we are now all misled in both the law and factual standards of the case. The fact is, the current evidence shows that he signed it at his dwelling house. It was

**objection to recommendation of JEP- 4 -**

signed by "A Bonomolo" which is not his sister. The USPS delivery man has no intention of lying. HOWEVER, the defendant, given the obvious conflict of interest, has clear intentions in lying. So his testimony carries less weight than USPS's physical evidence by an objective third person. And that shows it was him that signed it. AGAINST THIS, the only contest is words to the contrary, and of course, why would court believe him? JEP believes him at all costs, and thereby finds physical evidence false for no reason, whilst refusing to order USPS to testify; her bias and malice and oppression cannot be overlooked.

**We all got distracted by JEP:** regardless of how many lies she writes pretending the "A Bonomolo" signature does not exist, there is none at all convincing evidence to contest that the service as signed was signed by the defendant himself, thereby at his dwelling house at time of service. Neither JEP, nor the defendant offered any explanation as to why it is at all convincing a signature of "A Bonomolo" is his sister, BUT THEY SIMPLY want us to presume that it is automatically convincing.

There is no other "A Bonomolo" there than the defendant himself.

**On the contrary, the physical evidence is clear and convincing that an "A Bonomolo" signed the service, and there is only one "A Bonomolo" which is the defendant. It's hardly reasonable to doubt, let alone declare unconvincing.**

objection to recommendation of JEP- 5 -



> AND AGAIN, if he signed it himself, <u>it was his dwelling house at time of service</u> and that's the end of story. No question of usual place of abode is relevant.

16. The assertion that the voter registration information is not authenticated is a lie. I signed stating it's true. There is nowhere else to authenticate it. There is failure to deny. <u>And further, it's on a public website anyone can look up. So fake judge JEP's doubts against the voter reg. information is an **unreasonable doubt** and is therefore abusive. Further on voter reg's weight as evidence in ¶17 below.</u>

17. JEP's mentioning of state court is equally abusive. Abstention does not apply to a person re-filing in manner reactive with no proper remedy at state court, <u>when the state court will not adequately protect the rights of all parties</u>. Precedent is explicit on that. Here, it was well stated that the state court proceeding has been frustrated by court officials, despite the fact he was served by publication which should have advanced the state court proceeding. The state court case <u>cannot be dismissed or appealed</u>, thanks to their efforts of obstructions and subversions, which was also well stated on papers. <u>And I stated that I have right to dismiss that case without prejudice though state court won't action my legal rights.</u> As well, the way the order is written, I cannot apply to amend it even with him moving back to the same address, which he HAD for months lived at that address after the order. <u>So that is yet another violation of due process.</u> The order cannot even be amended or set aside. Yet, JEP disregards them all. *In other words, case law could not be more explicit in stating that reactive filings to state law defeating justice does not trigger abstention, which means whether or not state court had acted corruptly is the core of issues,*

**objection to recommendation of JEP- 6 -**



*the constituent element of applying abstention. Here, it's a simple case cuz they killed multiple rights and the case is entirely frustrated.* But JEP says *I made "assertions" on state court and refused to evaluate them, when case law could not be more explicit in stating whether there was false or abusive adverse ruling is key to whether abstention is triggered, that it is not w/o condition triggered. She subverts it at all, despite having been pointed to it, and says I made "assertions" on state court, without evaluating them.*

I trust she can give no reasons for her conduct other than bias and hatred. Her antagonism against me is without reason: I don't know her. So what is it? Racism? Sexism? Misandry? I think sexism is more relevant.

I should add that case law is clear that abstention doesn't apply if the state court failed to protect rights, so that includes if their finding or ruling is flawed, not just when it subverts rights on procedure or due process. Here, as it is his current voter registration address, given the case quoted by me, a liberal construing of "usual place of abode" would automatically include his current voter registration address. It is not purely a place he "visits occasionally" therefore is not expected to reach him. It's the address he puts out as the official address to reach him.

JEP writes that it is an issue that I contested the state court's findings (which is a lie, see paragraph 20), in other words she suggests federal court should take the state court's findings without doubt, for comity, when as case law ruled abstention only applies when their finding is valid and sound and true, but of course she subverts that at all and refuses to perform her duties, BUT AT THE SAME TIME, Andrew Joseph Bonomolo's statement of where he LIVES to the state of NC is a freedom. So JEP says federal court should have no comity of government records, but only state court's finding through a hearing that happened YEARS ago.

If he is no longer a citizen of NC and lives in NY, he needs to declare and

objection to recommendation of JEP- 7 -

report that, or he commits voter fraud. Per his story, he doesn't live there AT ALL. Per ARTICLE VI sec 2 of the NC state constitution, "Residence period for State elections. Any person who has resided in the State of North Carolina for one year and in the precinct, ward, or other election district for 30 days next preceding an election, and possesses the other qualifications set out in this Article, shall be entitled to vote at any election held in this State." AND YET he is still registered to vote in NC despite his statement to state and federal COURT that he has NOT resided in the state for years upon years. So he has either committed perjury or contempt of court, or voter fraud (non-citizen voter and representing himself as a citizen voter).

So his current voter registration (still is in May 2024 as I'm writing this) is a showing of at least his intention of residing "for 30 days next preceding an election" at that address, and there is state and federal and municipal elections, so that's like more than 100 days of residing per year, per his OWN declaration. JEP argues no comity and ignores his own filings. JEP's bias is PARAMOUNT.

I believe there is probable cause for court to hold a hearing for contempt of court and interrogate the defendant, for the above information. I should not have to appear given the difficulty of me being in China. Court should hold the hearing sua sponte.

Equally, the state court's finding against the NC constitution that it's not his usual place of abode does not stand. If he himself considers or intends it as his usual place of abode, there is no reason to find otherwise. YES, the fact that he is still registered as a voter was pointed to state court.

18. Further to the above, NC state law says in making an injunction against someone, the affected party or defendant must be given a chance to represent themselves. The "order" was made immediately after they found

objection to recommendation of JEP- 8 -



1. service at that address failed, **without any opportunity for me to**
2. **make any representation on that "order"**, directly in subversion of
3. NC state law. **So the "order" ordering Tiaming which isn't me not**
4. **to serve 324 which is not 342 is certainly VOID.**
5. 19. In any case, the state court order is a specific order <u>applying on that case</u>
6. <u>only</u> **and could not have application on this fed. case ex post facto**
7. **which at time of order did not exist, neither do I believe there's**
8. **any room in the Constitution that a state court order could apply**
9. **in regulating federal proceedings**, thus there is no "direct violation" of
10. that order. Her statement of "direct violation" is a lie! Even if we ignore
11. that, her ignoring other means of service already mentioned by me is
12. without excuse; other means of service would not have any conflict with
13. the state court order which does not apply to this case.
14. 20. ONE THING about the state court case is there's presently no evidence
15. that it proves he didn't live there in 2023 or 2024 or when he received
16. service <u>for this federal case</u>. The case was from years earlier. He did not
17. establish permanent residence in NY. The state court did not find that he
18. established permanent residence in NY either. As I stated, he was living
19. there when he received service and signed the return receipt himself.
20. So JEP's statement that I contested the state court's finding is YET
21. ANOTHER lie. Lie after lie after lie after lie. Endless, shameless.
22. 21. JEP is in fact so abusive that she says her recommended abstention is
23. based on that the issue should be resolved at state court when I stated
24. clearly in the document JEP referred to "This case is not parallel litigation
25. as the state court case is entirely frustrated (dead) as a result of corrupt
26. officials, and not the fault of the plaintiff", "in fact the STATE COURT is
27. so extremely abusive, the clerk won't even let me file a notice of appeal"
28. and "even if I want to dismiss it, the court won't accept filings", "But I have

objection to recommendation of JEP- 9 -



the right to dismiss [without prejudice] that proceeding per NC law.", and "there could not be any other action there as it has been exhausted, and in any case, the case was not dismissed on the merits with prejudice". I find that this shows the corrupt nature of JEP completely. It is well established that when the state court will not adequately protect the rights of all parties, abstention does not apply. Here, it's not just my otherwise rights not protected, even the right to appeal and to dismiss without prejudice (statutory rights on procedure) and right to file motions including motions to discharge or amend (as situations may and did change, which are due process clause protections) are subverted through that very "order", a clearly void "order".

22. As for the harassment charges, I don't even wanna get started on them. I already made clear statements that they are self-defense or debt collection, as well as crime prevention efforts. Here, JEP says crime prevention and law enforcement efforts and this case are "retaliation". She specifically mentions the writing to others about him intentionally spreading deadly disease, namely HIV, of course she takes out the content of the writing to paint it as harassment. She makes the conclusion that law enforcement efforts, and crime prevention, **including protecting the rights to life of incl. his employer, are "personal harassment" of the defendant.** I do not even want to mention that this "finding" is an act of MURDER or manslaughter attempted murder or attempted manslaughter.

I want to ask, how is writing to his employer harassment of him?

In making such false finding, she aids and abets many crimes he's committing, but more importantly, her findings are false and she knows them to be false.

23. In my filings, **I've made clear that just disposals of proceedings mustn't be obstructed**. She nonetheless willfully and knowingly

objection to recommendation of JEP 10 -



commits the crime of <u>obstruction of justice</u>. She makes the conclusion that because the claim is "related to" "retaliation" and "some type of relationship", the claim is ought to be dismissed. <u>She says the mentioned "alleged [criminal] offenses" are "unrelated" but somehow harassment is now relevant to this proceeding, when the alleged offenses introduced Court to the context of the assertions by the defendant, but the "harassment" allegations are actually not relevant to the claim raised by the plaintiff, as obviously it doesn't contribute to or cause the facts alleged, but instead was aimed to ask him to deliver as promised, to stop the IIED.</u> In other words, this proceeding is not the proper place for the defendant to raise those concerns, as obstruction of justice is not proper relief for them. <u>The raised concerns seriously lack relevance, as they **have not contributed to or caused** the conduct of the defendant raised by the plaintiff. Quite the contrary, taking his allegations as true, which they are not true (the content of the "harassment" makes it not harassment), it's mere attempts for him to stop the alleged conduct.</u>

24. **By JEP's logic, vindication of rights, law enforcement efforts, crime prevention and warning of grave danger, are all "personal harassment" and "retaliation". She won't get away with this.**

25. What adds on her egregiousness is that failure to deny means <u>he admits to the allegations of criminal offenses, **that they now are NO LONGER merely allegations but are facts now**</u>, and <u>that he admits that the content of the "harassment" is of self-defense and crime prevention. But somehow JEP against this actual admission, calls **confirmed law enforcement efforts** "harassment" "based on" "the plaintiff's admissions".</u> She will not get away with this. This is seriously criminal conduct.

26. As for court, there is no ground to hold proper claims as harassment. It is only harassment when there is no claim. So the focus is whether or not

**objection to recommendation of JEP 11 -**



there is reasonable cause of action. Taken the fact that the defendant failed to deny (admits) that <u>there was a contract for secrets which I paid for</u>, he <u>never delivered, he knew I was weak and vulnerable and had special feelings for him, this in turn caused serious emotional distress and is fraud, and caused me into serious depression where I'm not able to work or study</u> (this last bit I will submit evidence on later), I have NOT failed to state a claim. JEP again lied. JEP's logic of finding this case to be harassment from completely irrelevant accusations unrelated to the conduct of the defendant raised is really just a lie.

27. Lastly, JEP's finding that the claim is "related to" retaliation, and "pursue some type of relationship" is baseless. "The secrets" sounds commercial. It would not cause the reasonable person to think it relates to personal relationships. So this furthers her bias and incompetence.

Nothing in any of the filings by any party discloses "pursue some type of relationship". It's not a reasonable suspicion.

Then, calling it "retaliation" does not change the lawful nature of the conduct of self-defense and crime prevention.

As for "special feelings", it is a ground for punitive damages isn't it? Malice and oppression. Knowing I have special feelings AND using that to commit fraud and IIED against me. How on earth does that undermine my claim? The natural meaning of "special feelings" could mean affection, but could also mean admiration or envy or any other high regard. <u>It doesn't have to be affection.</u>

Everyone on the planet <u>has affection</u> towards Justin Bieber, does that <u>prove</u> everyone is <u>pursuing special relationship with</u> Justin Bieber? Exactly. <u>Instead, JEP argues that having affection toward another gives that other person the inalienable right to cause serious emotional distress to you, defraud you, and unduly strip your property and health.</u> But clearly

objection to recommendation of JEP 12 -


this argument applies to me but NOT JEP herself as she's not asexual to my knowledge and has never signed up to become a voluntary sexual slave, or the equivalence of it. She won't get away with literally aiding HIV spread and other serious criminal conduct. Warning others of an audacious criminal with multiple offenses is not harassment. Perhaps a better explanation is that JEP is a criminal who has committed even MORE serious criminal conduct than those of Andrew Joseph Bonomolo and THEREFORE she is so amazingly sympathetic with him that she CANNOT control herself. If she has defrauded men or women or whatever because of their affection towards her, I must say they were probably mentally ill ever falling in love with a person so heinous as JEP they would say saving a person's (in this case an employer) if not multiple people's lives from a deadly virus and other attacking behaviors of the defendant causing suicide and major depressive disorder harassment. I don't see an alternative explanation to her lying. Why else does she argue that having affection toward another gives that other person the inalienable right to cause serious emotional distress to you, defraud you, and unduly strip your property and health?

Instead of attacking or refuting any part of the claim as stated on the complaint [ECF 1], she goes on and describes the claim as if it's not based on law, **makes it seem less important, significant, or complex than it really is, by making a <u>false equivalency</u>:** after all, "pursue special relationship" implies there's no money paid for specific service, when there was money <u>for specific service</u>, and I hardly see "teaching secrets" could equal dating or some other "pursue special relationship" activity. Although JEP herself found otherwise earlier, see next paragraph ¶28.

<u>Be it element removal or half-truth, JEP is hereby severely censured.</u>

objection to recommendation of JEP 13 -



28. It follows that since she, <u>like the defendant, has not stated any part of the actual CLAIM is false or misleading, but relies on a long list of irrelevant lies,</u> her ruling of the same facts in the complaint is now the pure opposite of her earlier ruling. **Her IFP ruling earlier states the complaint provides the basis for IIED and fraud and/or contract. <u>NOW she says the same facts, without finding any part of them to be false or misleading, don't disclose reasonable cause of action.</u>**
Even if it is "related to" personal relationships, it hardly undermines the claim. The basis of claim being fraud and IIED is even more solid if it in fact is related to affection and feelings of affection, as that shows malice and oppression, making his attacks far more aggravated and egregious.

29. AGAIN, the defendant never once contested the factual assertions, but deny what they constitute, which is a pure question of law, not of fact. He has admitted to (failed to deny) the facts as stated on the complaint. FURTHER, per FRCP 8 (2) "A denial must fairly respond to the substance of the allegation." His does not; and he could not deny any of the raised facts. Instead, he obstructively raises concerns of harassment which did not cause or contribute to the raised conduct of his. So that is actually unrelated, but JEP finds it to be "related", to a story she tells in conspiracy with him, NOT to the claim, and certainly does not give rise to a valid defense or motion to dismiss.

30. Let me just use her words here. Because "related to" "retaliation", and "some type of relationship" is definitely "not a basis for legal claim", his harassment claims certainly are "related to" "retaliation", and "some type of relationship", <u>thus his harassment claim is definitely "not a basis for legal claim". So would divorce be "not a basis for legal claim". Her words do not mislead anyone.</u> Stating conduct raised as "related to" X Y Z does not change the nature of the conduct, and specifically does not change

objection to recommendation of JEP 14 -



whether the conduct is a basis for a legal claim. Her words do not mislead anyone. SHE, like the defendant, has not stated any part of the actual CLAIM is false or misleading, but relies on a long list of irrelevant lies, including saying defending myself against the other side's assertions is "unrelated" when his mentioning of harassment is. Her incitement of hatred and contempt against the plaintiff, based on falsities as protecting his employer's right to life from HIV couldn't possibly be harassment, in other words her attempts at providing comfort in subverting the law, is not a basis to subvert the law.

Specifically, she implored the Chief District Judge to contemn or despise me for I had or have feelings (she suggests it's affection) for him, when I don't believe she (JEP) is asexual. Unless she is asexual, her imploring is absolutely oppressive and malevolent.

31. Similarly, she called a pertinent response to the defendant's unrelated allegations of harassment "personal attacks". Calling it a "personal attacks" does not change the nature of the response and the showing of serious crimes and other malice the defendant has, and most importantly does not change the showing that the "harassment" was lawful activity.

32. An "attack" has to be derogatory, when the defendant here admits through failure to deny that he has done the very conduct he is accused of. So it's not even an attack. JEP lies and lies and lies. She must recuse.

Declaration

I declare under penalty of perjury under the laws of the United States of America that the foregoing and all exhibits attached by me are true and correct.
(In accordance with 28 U.S. Code § 1746)


_____

Taiming Zhang, plaintiff

objection to recommendation of JEP 15 -

